UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF OLIVE B. SMITH, by
and through WARREN SMITH,
Executor de son Tort,

    Plaintiff,

v.                                              Case No. 8:20-cv-2798-T-60SPF

THE BRISTOL AT TAMPA
REHABILITATION AND
NURSING CENTER, LLC,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S "MOTION FOR REMAND"

This matter is before the Court on Plaintiff's "Motion for Remand," filed on December 14, 2020. (Doc. 6). Defendant The Bristol at Tampa Rehabilitation and Nursing Center, LLC filed its response in opposition on January 7, 2021. (Doc. 16). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background

Plaintiff Warren Smith is the surviving child of Olive B. Smith, who was a resident of The Bristol of Tampa Rehabilitation and Nursing Center. Mrs. Smith was admitted to the Bristol on March 26, 2020, because she was incapable of caring for herself. She was diagnosed as COVID-19 positive on May 3, 2020. She was then transferred to AdventHealth Tampa Hospital, where she died from COVID-19 on May 14, 2020.

On October 27, 2020, Plaintiff filed a complaint in state court alleging numerous negligence claims against Defendant, including that it failed to follow proper infection protocols and guidelines, have proper PPE, and observe a wide range of appropriate safety precautions. Defendant removed the case on November 27, 2020, based on federal question jurisdiction. On December 14, 2020, Plaintiff filed a motion to remand, which is currently pending before the Court.

## Legal Standard

When a civil action is originally brought in state court, a defendant may remove the action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

Plaintiff seeks to remand this action to state court, arguing that there is no basis for removal. In its notice of removal, Defendant contends that federal question jurisdiction exists because Plaintiff's claims arise under and implicate a federal statute – The Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. § 247d-6d.

Defendant first argues that Plaintiff's state law claims are subject to complete preemption due to the applicability of the PREP Act. "'Complete preemption is a rare doctrine' that has only been recognized in a handful of areas."

*Rodina v. Big Blue Healthcare, Inc.*, No. 2:20-CV-2319-HLT-JPO, 2020 WL 4815102, at *2 (D. Kan. Aug. 19, 2020) (quoting *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012). Importantly, "it is not to be lightly invoked." *Id.* (citing *Devon Energy Prod.*, 693 F.3d at 1205).

"With respect to complete preemption, the PREP Act is "not one of the three statutes that the Supreme Court has determined has extraordinary preemptive force." *Saldana v. Glenhaven Healthcare LLC*, No. Cv 20-5631 FMO (MAAx), 2020 WL 6713995, at *2 (C.D. Cal. Oct. 14, 2020) (quoting *City of Oakland v. BP PLC*, 969 F.3d 895, 907 (9th Cir. 2020)). Furthermore, "mere immunity against state law or preemption of state law is not the equivalent of complete preemption and does not provide removal jurisdiction." *Id.* (quoting *Martin v. Serrano Post Acute LLC*, No. Cv 20-5631 FMO (MAAx), 2020 WL 5422949, at *1-2 (C.D. Cal. 2020)). As such, the Court concludes that Plaintiff's state law negligence claims are not completely preempted by the PREP Act.

Defendant further argues that even if Plaintiff's claims are not subject to complete preemption, federal question jurisdiction exists because the claims raise a federal issue under the PREP Act. However, the complaint itself brings no claims under the PREP Act. Therefore, under the well-pleaded complaint rule, there is no federal jurisdiction. *See Rodina*, 2020 WL 4815102, at *2. (finding no federal question jurisdiction under well-pleaded complaint rule when examining state law negligence claims against owners and operators of nursing home facility). Moreover, it is well established that a defendant may not remove a case to federal

court based on the existence of a federal defense, "including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." *Caterpillar Inc v. Williams*, 482 U.S. 386, 393 (1987); *see also Saldana*, 2020 WL 6713995, at *2 (explaining that case could not be removed based on PREP Act even though defendants argued in favor of immunity under PREP Act). As such, the Court concludes that the PREP Act does not confer federal question jurisdiction in this case.[1]

The Court's ruling is in line with decisions of other federal courts. Having reviewed the relevant case law, the Court notes that although these and similar arguments concerning the COVID-19 pandemic and the PREP Act have been brought before the federal courts, the Court has been unable to find even one case permitting removal. *See, e.g.*, *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20cv1198, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020); *Saldana*, 2020 WL 6713995; *Martin*, 2020 WL 5422949; *Rodina*, 2020 WL 4815102; *Lutz v. Big Blue Healthcare, Inc.*, No. 2:20-cv-2316-HLT-JPO, 2020 WL 4815100 (D. Kan. Aug. 19, 2020); *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. CV 20-6605 (KM)(ESK), 2020 WL 4671091 (D.N.J. Aug. 12, 2020). The motion to remand is due to be granted.

---

[1] The Court does not rule that Defendant is, or is not, entitled to a PREP Act defense to any of Plaintiff's claims. The applicability of the PREP Act is for the state court to decide on remand. The Court's ruling is simply that the PREP Act does not completely preempt Plaintiff's state law negligence claims and require a federal forum. *See Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. CV 20-6605 (KM)(ESK), 2020 WL 4671091, at *11 (D.N.J. Aug. 12, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff's "Motion for Remand" (Doc. 6) is hereby **GRANTED**.

(2)  This action is **REMANDED** to state court.  Once remand is effected, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**